No. 3724

Second Circuit

DOLL & SMITH v. BOYETT

(January 31, 1930. Opinion and Decree.)

(March 24, 1930. Rehearing Refused.)

Moss & Moss, of Winnfield, attorneys for plaintiff, appellant.

A. Leonard Allen, of Winnfield, attorney for defendant, appellee.

WEBB, J. Defendant ordered from plaintiff 52 advertising cuts to be used by him in advertising his business, for which he agreed to pay $104.

The cuts were shipped to and received by defendant, who used several of them, but he returned all of them, with the exception of one, to plaintiff and refused to pay any part of the price which he had agreed to pay, and plaintiff instituted this suit to recover the amount stipulated to be paid.

In defense of the action defendant alleged that in addition to cuts plaintiff had agreed to furnish defendant from time to time special reading matter to be used with the cuts, which they had failed to furnish, and had violated the contract, and, in the alternative, defendant alleged, in substance, that he signed the agreement in error, induced by fraudulent representa-

tions, and further that the cuts were not of any value.

On trial judgment was rendered in favor of plaintiff in the sum of $10.15, and plaintiff appeals.

The contract was in writing, and it does not stipulate that plaintiff would furnish defendant with reading matter to be used with the cuts, and admittedly defendant did not request that plaintiff should furnish any other advertising material than the cuts, and there was not any evidence tending to show that defendant had signed the order and contract in error, or that plaintiff had made any fraudulent representations, and while there was evidence tending to show that defendant might have procured similar cuts for a less price, it clearly appears that the real reason of his refusal to comply with his contract was that he concluded that the use of the cuts would not be worth as much as he had agreed to pay.

While it was not shown that plaintiff had any copyright or patent covering the cuts, the value of the use of the cuts cannot, we think, be fixed with reference to what might have been the cost of manufacturing them, and the obligation of defendant fixed on such basis, rather than upon the contract and agreement which he signed.

It is therefore ordered that the judgment appealed from be amended, and the amount of the judgment increased to $104, and as thus amended, the judgment is affirmed; defendant to pay all cost.